FILED

DEC 21 2011

DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ALBERT COFFEE                                                     PLAINTIFF

VS                                                CAUSE NO. 4:11-CV-144-WAP-JMV

CARROLL COUNTY, MISSISSIPPI, BY
AND THROUGH ITS BOARD OF SUPERVISORS;
CARROLL COUNTY SHERIFF JERRY CARVER,
IN HIS INDIVIDUAL CAPACITY AND JOHN DOES 1-10           DEFENDANTS

## COMPLAINT
## TRIAL BY JURY

COMES NOW Plaintiff, Albert Coffee, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

### PARTIES

1. Plaintiff Albert Coffee is an adult resident citizen of Holmes County, Mississippi residing at 41 CR 243 Coila, Mississippi 38923.

2. Defendant Carroll County, by and through its Board of Supervisors, is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the Chancery Clerk for Carroll County, Mississippi, Stanley Mullins, at the Carroll County Courthouse, 600 Lexington Street, Carrolton, Mississippi. The Carroll County Mississippi Sheriff Department is a political subdivision of Carroll County, Mississippi. At all times relevant Carroll County Deputies referenced herein, were employed as sworn law enforcement officers for the County, and Carroll County, Mississippi Sheriff's Department. Said Deputies, were there and then acting within the scope and authority of their employment and office.

1

3. Defendant Carroll County Sheriff, Jerry Carver, individually, is an adult resident citizen of Carroll County, Mississippi, and at all times herein the duly elected Sheriff of Carroll County, Mississippi, may served with process personally or through his duly authorized designee at the Carroll County Sheriff's Department, or 600 Lexington Street, Carrolton, Mississippi.

4. Defendants John and Jane Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, deputies of the Carroll County Sheriff's Department. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Jane Does 1-10. Said John and Jane Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

## JURISDICTION

5. The Plaintiff herein invokes this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiff, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

6. Further, the aforementioned violations of rights, privileges and immunities of Plaintiff serves as a common nucleus of operative fact for Plaintiff's claims under § 11-46-1 et. Seq. of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act (hereinafter "MTCA). Therefore, Plaintiff herein invokes this Court's supplemental jurisdiction pursuant to 28 United States Code § 1367 to obtain a judgment for the costs of suit, including reasonable attorneys' fees and damages suffered and sustained by Plaintiff caused by the

tortuous actions and violations of state-created rights compensable under MTCA.

**VENUE**

7. Venue is proper in this jurisdiction and district pursuant to 28 United States Code § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

**FACTS**

8. On March 9, 2011, at approximately 10:30 p.m., Plaintiff Albert Coffee and his friend, Odessa Williams, both residents of Holmes County, Mississippi, were parked in their individual automobiles talking on the property of the Delta Power Station located on Highway 17 in Holmes County, Mississippi, when they were approached by Keith Conner of the Mississippi Highway Patrol in his patrol car. Patrolman Conner asked Mr. Williams and Mr. Coffee if "everything was ok". Mr. Williams and Plaintiff Coffee replied that they were doing ok. Patrolman Conner then drove off.

9. Approximately, three or four minutes after Patrolman Conner had left, Plaintiff Albert Coffee was driving his automobile off of the property of the Delta Electric Station, when four Carroll County, Mississippi Sheriff Department patrol cars drove up. A white male deputy, approximately 5.6, with blond hair, got out his vehicle and approached Plaintiff Coffee with flashlight in one hand and a taser in the other hand. The deputy ordered Plaintiff Coffee to put both of his hands on the back of his truck. Mr. Coffee asked the deputy what was going on. The deputy told Plaintiff Coffee he was talking too much, and ordered him to the ground. During the exchange, Mr. Coffee looked to his right and saw a Carroll County Deputy exchanging words with Mr. Williams. The deputy was standing a few feet from Mr. Williams' automobile on the driver's side. He observed Mr. Williams pull onto Highway 17, and head south toward

Lexington, Mississippi. Mr. Williams traveled 10 to 12 feet on Highway 17, when at least two Carroll County Deputies fired several shots in the direction of Mr. Williams' automobile.

10. When the shooting stopped, Plaintiff Coffee observed three Carroll County deputies get into their patrol cars and engaged in pursuit of Mr. Williams' vehicle.

11. A Carroll County deputy who did not join the pursuit and was detaining Plaintiff, ordered Plaintiff to get into the back of his patrol car. The deputy then drove south on Highway 17 in the direction of travel of the three other Carroll County deputy Sheriffs, and Mr. Williams. They had driven three fourths (3/4) mile when Plaintiff saw Mr. Williams' automobile parked, and turned north in Mr. Williams' brother-in-law's drive way. The automobile was surrounded by Carroll County deputies. The deputy holding and driving Plaintiff pulled over and stopped at Mr. Williams' automobile. Plaintiff asked a deputy what had happened to Mr. Williams. The deputy replied that Mr. Williams had gotten out of his car and ran away.

12. Plaintiff, without explanation, or being charged with an offense, was left in the patrol car while the Carroll County deputies talked and looked over Mr. Williams' automobile.

13. While being unlawfully held, detained and imprisoned in the Carroll County patrol car, Plaintiff lit a cigarette. A Carroll County deputy approached the patrol car and told Plaintiff he had "pissed" him off, ordered Plaintiff to throw the cigarette out of the window, and read him his "rights". Plaintiff asked the deputy what had he done. The deputy replied that he was charging him with DUI. The deputy then walked away and joined the other deputies at Mr. Williams' automobile.

14. Plaintiff was held by Carroll County, Mississippi deputies against his will from 10:30 p.m. until 1:00 a.m. before being driven back to his automobile at Delta Electric Power Station and released. No criminal charges were filed against Plaintiff.

15. The detention, confining, and holding of Plaintiff Coffee against his will was a violation of statutorily – created and constitutional – protected rights, and constitutes the torts of false imprisonment, intentional inflection of emotional distress, negligent inflection of emotional distress.

16. Defendants and other unknown Deputies with the Carroll County Sheriff's Department, at all times relevant were acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiff Coffee's federal protected right.

17. The Carroll County Deputies' unlawful detention and imprisonment of Plaintiff Coffee was the result of the policy, practice and custom of Sheriff Jerry Carver, and the Sheriff's Department of Carroll County, Mississippi. In addition, Defendant Carroll County's Deputies' unlawful detention and imprisonment of Plaintiff Coffee was the result of the policy, practice and custom of Sheriff Jerry Carver and the Sheriff Department of Carroll County, Mississippi to inadequately supervise and discipline its law enforcement officers. The inadequate supervision and discipline of law enforcement officers by the Sheriff and Sheriff Department of Carroll County, Mississippi has led to the unlawful detention and imprisonment of Plaintiff Coffee.

18. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff Coffee has suffered physical, emotional and mental injuries, all of which entitles him to damages and relief under 42 U.S.C. § 1983.

**COUNT 1**
**ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

19. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraph 1-18, supra. The Plaintiff makes the following allegations in Count 1 with respect to all Defendants.

20. At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiff were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's:

a) right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provision of the Constitution of the State of Mississippi;

b) right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

c) right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law;

d) right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

e) right to be free from cruel and unusual punishment pursuant specifically to the Eight and Fourteenth Amendments to the Constitution of the United States of America and

Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

21.     The violations complained in this Complaint for depravation of identifiable civil rights of Plaintiff Coffee, include, but are not limited to, wanton, and/or negligent unlawful detention, imprisonment, and other acts and/or omissions by these Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Plaintiff Coffee, with deliberate indifference to the immediate, grave, and serious violations of Plaintiff Coffee's rights, all of which caused or contributed to the unjustified deprivation of Plaintiff Coffee's sacred rights to liberty and freedom. Additionally, these Defendants, both named and unnamed, failed to adequately train, or hire properly trained deputies, all of which caused or contributed to the unjustified deprivation of Plaintiff Coffee's sacred right to liberty.

### SHERIFF JERRY CARVER, CARROLL COUNTY, MISSISSIPPI SHERIFF DEPARTMENT AND CARROLL COUNTY, MISSISSIPPI

22.     These Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their sworn officers. This duty includes a responsibility to train, and provide adequate funds for such training of the officers, to properly monitor them, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities.

23.     Defendants Sheriff Jerry Carver, Carroll County, Mississippi, and its Sheriff's Department, jointly and severally, breached each of these duties for failing to provide property training to their officers, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise said officers. These breaches directly and proximately resulted in the harms and damages alleged herein.

24.     At all times material hereto, all Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions

7

officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of Defendants Sheriff Jerry Carver, the Carroll County, Mississippi, and its Sheriff Department, and their agents, representatives, and employees.

25. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff Coffee of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Plaintiff Coffee experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff Coffee's constitutional rights as outlined herein.

## COUNT II
### ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

26. Plaintiff hereby incorporate by reference and re-allege the information set forth in paragraph 1-25, supra.

27. At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff Coffee, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Plaintiff Coffee's rights as outlined herein above.

28. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Plaintiff Coffee of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of

Mississippi, Plaintiff Coffee experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Plaintiff Coffee's constitutional rights as outlined herein.

## COUNT III
## ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-28, supra.

30.     The actions and/or inactions of Defendants, and the unnamed parties, during the illegal detainment and imprisonment of Plaintiff Coffee was reckless, intentional and so outrageous to such an extreme degree that it exceeded the bounds of decency and, thus is not tolerated by a civilized community. Plaintiff Coffee suffered reasonably foreseeable damages as a result of these Defendants' conduct and should be compensated for this tort in accordance with the MTCA.

## COUNT IV
## ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in Paragraphs 1-30, supra.

32.     The negligent actions and/or inactions of Defendants Carroll County, Carroll County Sheriff's Department, Sheriff Jerry Carver, and unnamed parties, during illegal denial of Albert Coffee's civil rights caused Albert Coffee reasonably foreseeable substantial mental anguish. As a result, Albert Coffee should be compensated for negligent infliction of emotional distress in accordance with the MTCA.

**PRAYER FOR RELIEF**

33. WHEREFORE, PREMISES CONSIDERED, the Plaintiff Albert Coffee, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a. enter a judgment in favor of the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiff, pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the unlawful, imprisonment, infliction of suffering and emotional distress, mental anguish, degradation, humiliation, and any other injury claims that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than 1,500,000.00;

b. enter a judgment in favor of the Plaintiff and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-10, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $1,500,000.00;

c. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the physical and mental injuries suffered by Plaintiff in accordance with the MTCA;

d. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of intentional infliction of emotional distress in accordance with the MTCA;

e. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional distress in accordance with the MTCA;

f. enter a judgment against all Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

g. enter a judgment in favor of the Plaintiff and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 16th day of December, 2011.

**ALBERT COFFEE, PLAINTIFF**

BY: _____
EDWARD BLACKMON, JR., MSB #3354
*Attorney for Plaintiff*

OF COUNSEL:

Janessa E. Blackmon, Esq.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\PERSONAL.INJ\Albert Coffee\COMPLAINT 12.15.11.docx